**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-cr-00003-HDM-GWF |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MANVEL RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is defendant's letter motion asking the court to reconsider defendant's sentence (ECF No. 85).

Generally, the court lacks authority to modify a term of imprisonment once it has been imposed, but exceptions exist. Section 3582(c)(1)(B) of Title 18 of the United States Code allows the court to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[1]  Rule 35(a) allows the court to correct a sentence within seven days after sentencing for arithmetical, technical, or other clear error.  As more than seven days have passed since

---

[1] While § 3582(c) has other provisions for amending a sentence after it has been imposed, none appears to apply here.

1

defendant was sentenced, the court lacks the authority to modify defendant's sentence under Rule 35(a).[2]

Another exception lies within 28 U.S.C. § 2255.  However, defendant's motion does not state any claim cognizable under § 2255, so the court does not construe his request as arising under that provision.

Accordingly, defendant's letter motion dated November 30, 2016 (ECF No. 85), construed as a request to modify sentence pursuant to Federal Rule of Criminal Procedure 35(a) is **DENIED**.

IT IS SO ORDERED.

DATED: This 13th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Rule 35(b) allows for reduction of sentence for substantial cooperation upon motion of the government. This exception also does not apply to defendant's motion.

2